UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| TANGHENAM ELECTRIC WIRE & CABLE CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Court No 25-00049 |

## COMPLAINT

Tanghenam Electric Wire & Cable Co., Ltd. ("Plaintiff" or "Tanghenam"), by and through its attorneys, alleges and states:

## PARTIES

1. Plaintiff Tanghenam is a producer and exporter of aluminum wire cable ("AWC").

2. Defendant is the United States of America acting by and through the U.S. Department of Commerce (the "Department" or "Commerce").

## JURISDICTION

3. This action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(ii) and (B)(vi) to contest the Department's final determination under 19 U.S.C. §1677j(b) in the anticircumvention inquiry of the antidumping and countervailing duty orders on Aluminum Wire Cable ("AWC") from the People's Republic of China ("China").

1

4.  Accordingly, this Court possesses jurisdiction over this action pursuant to 28 U.SC. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## ADMINISTRATIVE DETERMINATION CONTESTED

5.  This action is an appeal from the final determination issued by Commerce in the anti-circumvention inquiry on AWC from China. The contested final determination covers entries of subject AWC from China during the period of inquiry ("POI") from November 1, 2018, through September 30, 2023.

6.  Commerce published its contested final determination in the Federal Register on January 27, 2025. *Aluminum Wire and Cable From the People's Republic of China: Final Negative Scope Ruling and Final Affirmative Determination of Circumvention With Respect to the Socialist Republic of Vietnam*, 90 Fed. Reg. 8,196 (Jan. 27, 2025) ("*Final Determination*").

7.  Commerce's final determinations, findings, and conclusions are set out in the issues and decision memorandum for the final determination. *Issues and Decision Memorandum for the Final Results of the Scope Ruling and Circumvention Inquiry of the Antidumping and Countervailing Duty Orders on Aluminum Wire and Cable from the People's Republic of China with Respect to the Socialist Republic of Vietnam* (Jan. 17, 2025) (Access Barcode 4701024-02) ("*Final Decision Mem.*").

## STANDING

8.  Plaintiff Tanghenam is a foreign producer and exporter of merchandise subject to the anti-circumvention inquiry and is therefore an interested party within the meaning of 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3), and 28 U.S.C. § 2631(k)(1). Tanghenam was also a party to the administrative proceeding from which this matter arises and thus has standing to bring this action under 28 U.S.C. § 2631(c).

**TIMELINESS OF THIS ACTION**

9. Commerce published notice of the contested final determination on January 27, 2025. *See Final Determination*, 90 Fed. Reg. at 8,196.

10. Plaintiff filed a Summons with this Court on February 26, 2025, within 30 days from the date of publication of the final determination. Plaintiff's Complaint is timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A) and Rules 3 and 6 of the Rules of this Court, which requires that the Complaint be filed within 30 days of the Summons.

**STANDARD OF REVIEW**

11. The Court must hold unlawful any administrative determination by Commerce that is "unsupported by substantial evidence on the record as a whole, or is otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B).

**STATEMENT OF FACTS**

12. Paragraphs 1 through 11 are realleged and incorporated herein.

13. In December 2019, Commerce published antidumping and countervailing duty orders on AWC from China. *Aluminum Wire and Cable From the People's Republic of China: Antidumping Duty and Countervailing Duty Orders*, 84 Fed. Reg. 70,496 (Dec. 23, 2019) (collectively, the "Orders").

14. On October 19, 2023, Commerce initiated the scope inquiry on AWC from the China, to determine whether imports of AWC completed in Vietnam using inputs manufactured in China are covered by the Orders. *Aluminum Wire and Cable from the People's Republic of China: Initiation of Scope and Circumvention Inquiries of the Antidumping Duty and Countervailing Duty Orders,* 88 Fed. Reg. 72041 (Oct. 19, 2023). Commerce selected

Tanghenam as a mandatory respondent in this proceeding. Commerce Letter: Respondent Selection (ACCESS Barcode 4507597-01) (February 12, 2024). Tanghenam is a producer of AWC in Vietnam and an exporter of subject merchandise to the United States and other foreign markets. *See* Initial Questionnaire Response (ACCESS Barcode 4530042-01) (March 21, 2024), at 8 ("IQR").

15. On March 21, 2024, Tanghenam submitted its initial questionnaire response. Tanghenam reported that it, "purchases domestically and imports input materials for the production of subject merchandise." *Id.* Tanghenam further reported that it purchased AWC inputs from Chinese suppliers. *Id*. at 16. Tanghenam provided a detailed list of Chinese suppliers including names and addresses, as well as quantities and values with respect to each AWC input. *Id.* at Ex. 16 and Ex. 17. Tanghenam also provided sample purchase contracts, purchase orders, purchase negotiation documents, bills of lading, packing lists, and import documentation related to its purchased inputs from Chinese suppliers. *Id.* at Ex. 18.

16. On March 28, 2024, Tanghenam submitted its Factors of Production ("FOP") questionnaire response. Submission of Response to Question 33 (ACCESS Barcode 4533650-01) (March 28, 2024) ("FOP Submission"). This submission included Tanghenam's FOP data. *See* FOP Submission at Ex. 33. Tanghenam also identified the country of origin of inputs purchased from Chinese suppliers. *Id.*

17. On May 24, 2024, Tanghenam submitted a supplemental questionnaire response. Response to Supplemental Questionnaire (ACCESS Barcode 4565097-01) (May 24, 2024) ("SQR"). In the supplemental response, Tanghenam provided additional detailed information about the AWS inputs purchased from Chinese suppliers. *See* SQR at 11 & Ex. S9. Tanghenam also revised the FOP data, including with respect to certain Chinese inputs. *See* SQR at Ex. S10.

18. On August 7, 2024, Commerce published its preliminary determinations. *Aluminum Wire and Cable From the People's Republic of China: Preliminary Negative Scope Determinations With Respect to Cambodia, Korea, and Vietnam; Preliminary Affirmative Determinations of Circumvention With Respect to Korea and Vietnam; Preliminary Negative Determination of Circumvention With Respect to Cambodia*; 89 Fed. Reg. 64,406 (Aug. 7, 2024) ("*Preliminary Determinations*"). Commerce's preliminary determinations, findings, and conclusions are set out in the issues and decision memorandum and preliminary analysis memorandum. *Antidumping Duty and Countervailing Duty Orders on Aluminum Wire and Cable from the People's Republic of China: Preliminary Decision Memorandum for the Scope Inquiry and Preliminary Decision Memorandum for the Circumvention Inquiry with Respect to the Socialist Republic of Vietnam* (ACCESS Barcode 4607346-02) (July 31, 2024) ("*Prelim Decision Mem.*"); *Aluminum Wire & Cable: Tanghenam Cable – Preliminary Analysis Memorandum* ("*Prelim. Analysis Mem.*") (ACCESS Barcode 4607963-01) (July 24, 2024).

19. Commerce preliminarily determined that AWC completed by Tanghenam in Vietnam incorporating certain AWC inputs of Chinese origin is circumventing the Orders. *Prelim. Decision Mem*. at 23-24. Commerce determined the value of the Chinese AWS inputs by relying on Tanghenam's submitted data (including the FOP data in Exhibit S10) in accordance with Section 781(b)(1)(D) of the Tarriff Act of 1930, as amended. *See Prelim. Analysis Mem.* at 3.

20. Commerce also established a certification process "that allows parties to attest that specific entries of inquiry merchandise are not subject to suspension of liquidation or the collection of cash deposits . . . because the merchandise was not manufactured using certain inputs from China." *Prelim. Decision Mem.* at 24.

21. After issuing its Preliminary Determinations, Commerce conducted a verification of Tanghenam. Commerce issued a verification report setting out its findings on November 20, 2024. Verification of the Responses of Tanghenam Electric Wire and Cable Co., Ltd. in the Circumvention and Scope Inquiry on the Antidumping Duty Order on Aluminum Wire and Cable from People's Republic of China (ACCESS Barcode 4670305-01) (Nov. 20, 2024) ("Verification Report").

22. With respect to FOPs, Tanghenam made minor corrections of the country of origin stated at the beginning of the verification. *See id.* at Exhibit VE-1.7 (correcting SQR Ex. 10). Tanghenam explained that it reported the FOPs based on the company's "inventory movement report." *Id.* at 4. When Tanghenam prepared the questionnaire responses, it "manually" traced the country of origin from transaction documents which record the supplier's address in Vietnam. *Id.* As a result, a few inputs were reported as the Vietnam origin according to the supplier's Vietnam address. But the country of origin for these few items should have been reported as Chinese origin because they were produced in China. *Id.* at 4-5. Tanghenam found these errors when they conducted electronic research of the company's other record when it was preparing for the verification. *Id.* Tanghenam corrected these errors, which the verification team accepted. *See id.* at Ex. VE-1.7. Moreover, these minor corrections were timely submitted. *See* Minor Corrections Presented at Verification (ACCESS Barcode 4643775-01) (Oct. 7, 2024).

23. After verification, Tanghenam timely filed a case brief and a rebuttal brief. *See* Tanghenam's Case Brief (ACCESS Barcode 4673375-01) (Dec. 3, 2024); Tanghenam's Rebuttal Brief (ACCESS Barcode 4681640-01) (Dec. 16, 2024) ("Tanghenam's Rebuttal Brief").

24. Petitioner submitted a case brief arguing that the Department should apply total adverse facts available ("AFA") on Tanghenam. Affirmative Case Brief of Encore Wire

6

Corporation (ACCESS Barcode 4673712-01) (Dec. 3, 2024). Specifically, Petitioner argued that (1) Tanghenam's minor corrections during verification warranted the application of total AFA, and (2) that Tanghenam should be excluded from the Department's certification regime because it was unable to track and identify the country of origin of its AWC inputs. *Id.* at 3.

25. In response to Petitioner's arguments, Tanghenam argued in its rebuttal brief that the use of adverse facts available with respect to Tanghenam is unwarranted because it did not impede the circumvention inquiry, and it has fully cooperated to the best of its ability to comply with all information requests made by Commerce. Tanghenam's Rebuttal Brief at 6-10, 12-13.

26. Furthermore, Tanghenam argued that it demonstrated the ability to identify and track not only the country of suppliers, but also the country of origin for all inputs used in AWC production. Tanghenam explained that it is able to precisely link each material issuance for production to the corresponding purchase transaction, which includes supplier details. Next, Tanghenam identified the details of material purchases by linking them to the Material Purchase Report generated from the accounting system and the supporting documents related to those transactions. This process allows for the identification of both the supplier's country and the country of origin of input materials. *Id.* at 12-15. Thus, Tanghenam argued that the statutory requirements of the application of AFA were not met.

27. On January 17, 2025, Commerce issued its final determination, rejecting Tanghenam's arguments and applying total adverse facts available. *Final Decision Mem.* at 3-13. The final determination was published in the Federal Register on January 27, 2025. 90 Fed. Reg. 8,196.

28. In the final determination, the Department found that "application of total AFA to Tanghenam in the final determination based on the corrections it submitted at verification is not

7

warranted" and accepted the minor corrections. *Final Decision Mem.* at 13. However, Commerce relied on AFA with respect to the significant value of Chinese inputs under section 781(b)(1)(D) and the value of Vietnam processing under section 781(b)(2)(E) of the Tariff Act of 1930 for its final circumvention decision. *Id.* at 3-13. Commerce stated that Tanghenam's FOP data was inaccurate with respect to the country of origin because Tanghenam used the transaction receipt to determine the country of origin, not the "automated system" to trace and report the country of origin of Chinese inputs. *Id*. at 4.

29. In addition, Commerce stated that per information compiled from its verification of Tanghenam, the company does not "have a system in place to tie specific inputs to specific exports." *Id.* On this basis, Commerce concluded that "Tanghenam cannot accurately certify that inputs from China are not used in AWS exported to the United States." *Id.* Commerce thus determined that "Tanghenam cannot participate in the certification process given that Tanghenam uses Chinese-unput and could not tie inputs to specific exports." *Id.* Tanghenam was thus barred from certifying imports until it secures an overriding determination in some subsequent segment of the proceeding.

## STATEMENT OF CLAIMS

Commerce's Final Results are unsupported by substantial evidence, arbitrary, unreasonable, and otherwise not in accordance with law as discussed below.

## COUNT I
### (Unlawful Application of AFA)

30. Paragraphs 1 through 29 are realleged and incorporated herein.

31. Commerce unlawfully and unreasonably barred Tanghenam from the certification process by applying total AFA in its final determination.

32. The Tariff Act of 1930, as amended, (the "Act") permits Commerce to use "facts otherwise available" in reaching determinations, but only if it meets certain threshold requirements specified in the statute. *See* 19 U.S.C. § 1677e(a). This includes, *inter alia*, a finding that: (1) "necessary information is not available on the record"; or (2) that an interested party "withholds information" that has been requested, "significantly impedes a proceeding", or otherwise provides information that "cannot be verified." *Id.* The statute also mandates that Commerce "shall not decline to consider information that is submitted by an interested party and is necessary to the determination" if the information is submitted by the deadlines, can be verified, is not incomplete, and can be used without difficulties. 19 U.S.C. § 1677m(e).

33. The use of total adverse facts available with respect to Tanghenam is unwarranted because the statutory requirements of the application of AFA are not met. Tanghenam used different methodology (manual vs. automated research) from the company's records to trace the country of origin. For any inaccurate country of origin resulted from the manual operation, Tanghenam disclosed and corrected it during the verification. Commerce verified this information. *See* Verification Report at 21-22 and Exhibit VE-1.7. Commerce unlawful relied on AFA with respect to section 781(b)(1)(D) and section 781(b)(2)(E) of the Act for the final circumvention decision.

34. Further, the Department applied AFA resulting in Tanghenam being ineligible for the certification process. *Final Decision Mem.* at 14. Specifically, the Department found that "Tanghenam cannot participate in the certification process given that Tanghenam uses Chinese-inputs and could not tie inputs to specific exports." *Id.* This finding is unsupported by substantial evidence. As outlined in Tanghenam's briefs before the Department, Tanghenam has demonstrated that it has the ability to track both the country of its suppliers as well as the country

of origin for all inputs used in AWC production. Moreover, Tanghenam provided full and accurate reporting to the Department throughout the investigation on the source of its AWC inputs.

35. Moreover, the Department's finding that Tanghenam did not cooperate to the best of its ability and impeded the underlying proceedings is unsupported by substantial evidence. Tanghenam demonstrated it unwavering commitment throughout the proceeding, submitted responses promptly, and responded to all of the Department's requests.

## COUNT II
### (Unlawful Refusal to Allow Certifications)

36. Paragraphs 1 through 35 are realleged and incorporated herein.

37. As noted above, the Department's finding that Tanghenam does not "have a system in place to tie specific inputs to specific exports" was unsupported by substantial evidence, leading to the erroneous conclusion that Tanghenam is unable to accurately certify that its inputs purchased from the People's Republic of China are not used to produce AWC exported to the United States.

38. Commerce's determination that Tanghenam cannot participate in the certification process is arbitrary and capricious, an abuse of discretion, unsupported by substantial evidence, and otherwise contrary to law.

39. Importantly, Commerce's determination requires Tanghenam to report that the country of origin for all subject imports is China, even in cases where Tanghenam has sufficient documentation to definitively show that the country of origin of certain entries is Vietnam. This is an abuse of discretion and is outside the bounds of the Department's authority, because it necessitates Tanghenam to improperly declare entries regardless of the underlying sourcing and actual origin of the components.

40.    Moreover, Commerce's finding is country to law by requiring Customs and Border Protection ("CBP") to engage in a fiction that Tanghenam's entries are Chinese-origin even where Tanghenam can demonstrate otherwise on an entry-by-entry basis.

41.    CBP is the agency responsible for protecting and facilitating international trade. This includes the assessment and collection of duties, taxes, and fees incident to international traffic and trade – which by nature includes determining country of origin for entries.  The marking statute, section 304, Tariff Act of 1930, as amended, 19 U.S.C. § 1304, provides that "every article of foreign origin . . . imported into the United States shall be marked in a conspicuous place as legibly, indelible, and permanently as the nature of the article (or container) will permit in such as manner as to indicate the country of origin to an ultimate purchaser in the United States the English name of the country of origin of the article. . . ."  Part 134 of the Customs Regulations, 19 C.F.R. § 134, implements the country of origin marking requirements.

42.    Commerce's findings that CBP must find that Tanghenam's entries are Chinese origin even where that is demonstrably incorrect run afoul of the marking statute and CBP's responsibility to assess duties.  Thus, Commerce's determination was outside the scope of its authority and unlawful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, declare that Commerce erred in the Final Results in the subject review alleged herein, and remand to the Department with instructions to publish new final results in conformity with the opinion of this Court.  Specifically, the Plaintiff prays that this Court remand Commerce to determine that Tanghenam be allowed to certify the actual country of origin and, where

appropriate, the non-subject status of its exports. Plaintiff otherwise requests that the Court grant such additional relief as the Court may deem just and proper.

                                              Respectfully submitted,

                                              */s/ Alexander H. Schaefer*
                                              Alexander H. Schaefer, Esq.
                                              Weronika Bukowski, Esq.

                                              Crowell & Moring LLP
                                              1001 Pennsylvania Ave., N.W.
                                              Washington, D.C.  20004

                                              *Counsel for Tanghenam Electric*
                                              *Wire & Cable Co., Ltd.*

March 28, 2025

## CERTIFICATE OF SERVICE

I certify that on March 28, 2025, I electronically filed the foregoing Complaint with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ Alexander H. Schaefer
Alexander Schaefer
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500
aschaefer@Crowell.com
Counsel for Tanghenam Electric Wire & Cable Co., Ltd.
Dated: March 28, 2025

## CERTIFICATE OF SERVICE

      Pursuant to Rule 3(f) of the Court of International Trade, I, Alexander H. Schaefer, hereby certify that I have caused copies of the Complaint, in Tanghenam Electric Wire & Cable Co., Ltd., v. United States, Case No. 25-00049, be served upon the parties in the circumvention inquiry, by the U.S. certified mail, return receipt requested on March 28, 2024.

Sydney H. Mintzer, Esq.
Representative of Southwire Company, LLC
**Mayer Brown, LLP**
1999 K Street, NW
Washington, DC 20006-1101
Phone: 202-263-3000
Email: smintzer@mayerbrown.com

Jack A Levy, Esq.
Representative of Encore Wire Corporation
**Rock Creek Trade LLP**
900 19th Street, NW
Suite 600
Washington, DC 20006
Phone: 2022306630
Email: jack@rockcreektrade.com

Andrew T. Schutz, Esq.
Representative of ICC Cable Corp. and DonAmerica Electrical Supply LLC
**Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP**
1201 New York Ave., NW
Suite 650
Washington, DC 20005
Phone: 202-783-6881
Email: aschutz@gdlsk.com

William Marshall, Esq.
Representative of ICF Cable (Vietnam) Co., Ltd.
**Sandler, Travis & Rosenberg, P.A.**
1300 Pennsylvania Avenue, NW
Suite 400
Washington, DC 20004-3002
Phone: 202-216-9307
Email: wmarshall@strtrade.com

/s/ Alexander H. Schaefer
Alexander Schaefer
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500
aschaefer@Crowell.com
Counsel for
Tanghenam Electric Wire & Cable Co., Ltd.